IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2008-D

| | | |
|---|---|---|
| FRANCISCO MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRADY J. HAYNES, | ) | |
| | ) | |
| Respondent. | ) | |

Francisco Martinez ("Martinez" or "petitioner"), a state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On November 30, 2009, respondent filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 6]. On December 1, 2009, the court notified petitioner of his right to respond [D.E. 8]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Petitioner did not respond to the motion to dismiss. For the reasons explained below, the court grants respondent's motion to dismiss the petition [D.E. 6].

I.

Martinez pleaded guilty to two counts of felony hit and run, involuntary manslaughter, and five counts of assault with a deadly weapon inflicting serious injury in Wake County Superior Court. Pet. ¶¶ 1, 5, 6; see Respt.'s Mem. Supp. Mot. Dismiss ("Mem. Supp."), Ex. 1. On September 3, 1999, the court entered judgment and sentenced Martinez to a total of 164 to 227 months' imprisonment. Pet. ¶¶ 2–3. Attorney David W. Snipes ("Snipes") represented Martinez. Id. ¶ 16.

On July 27, 2001, Attorney Craig James ("James") filed Martinez's motion for appropriate relief ("MAR") in Wake County Superior Court. Mem. Supp., Ex. 2. On June 28, 2002, the court denied petitioner's request. Pet. ¶ 11(a)(8); Mem. Supp., Ex. 3.

On June 28, 2006, James filed a second MAR on Martinez's behalf. Mem. Supp., Ex. 4.; see Pet. ¶ 11(b). On February 1, 2007, the court denied the second MAR. Mem. Supp., Ex. 5.

On May 16, 2008, Martinez filed a pro se petition for a writ of certiorari in the North Carolina Court of Appeals. Pet. ¶ 11(c); Mem. Supp., Ex. 6; see Mem. Supp., Ex. 7 (State's Resp.). On May 21, 2008, the court of appeals denied the petition. Pet. ¶¶ 9(g), 11(c)(7); Mem. Supp., Ex. 8.

On January 16, 2009, Martinez, proceeding pro se, filed a section 2254 petition for a writ of habeas corpus [D.E. 1]. Martinez asserts three claims: (1) that he "entered a guilty plea involuntarily by not being explained that [he] was eligible for an appeal of right;" (2) that he "received ineffective assistance of counsel;" and (3) that "the judge dismissed with prejudice[] [his] second MAR and did not send [his] attorney a copy of the dismissal in time to appeal the decision." Pet. 6–9.

Respondent asserts that petitioner's first two claims are time-barred under 28 U.S.C. § 2244(d)(1). See Mem. Supp. 3–9. As for petitioner's third claim, respondent alleges that it is not cognizable under 28 U.S.C. § 2254. Thus, respondent asks the court to dismiss Martinez's petition [D.E. 6].

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam).

2

A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

A Rule 12(b)(6) motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true.'" Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quoting Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)). However, Rule 12(b)(6) is the appropriate vehicle for bringing a challenge based on the one-year statute of limitations for section 2254 petitions where the pleadings establish that the petition was not timely filed. Indeed, the court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); Erline Co. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). In ruling on the motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in state habeas proceedings, as well as other matters of public record. See Walker, 589 F.3d at 139.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a person in custody pursuant to the judgment of a state court file any application for a writ of habeas corpus within a one-year period of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of

the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Martinez does not assert that a state-created action impeded petitioner's filing of the section 2254 petition within one year of the entry of judgment. See 28 U.S.C. § 2244(d)(1)(B). In addition, although Martinez asserts a claim under Blakely v. Washington, 542 U.S. 296 (2004), Blakely is not retroactive to cases on collateral review. See, e.g., United States v. Johnson, 146 Fed. Appx. 656, 657 n.2 (4th Cir. 2005) (per curiam) (unpublished); Morgan v. Beck, 110 Fed. Appx. 310, 311 n.1 (4th Cir. 2004) (per curiam) (unpublished); accord United States v. Morris, 429 F.3d 65, 71–72 (4th Cir. 2005); United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001). Hence, Martinez cannot rely on 28 U.S.C. § 2244(d)(1)(C) to extend the filing deadline beyond one year from the date his conviction became final. Similarly, 28 U.S.C. § 2244(d)(1)(D) offers no comfort to Martinez based on the record before the court.

Here, Martinez pleaded guilty, and on September 3, 1999, the court imposed his sentence and entered judgment. Pet. ¶¶ 2, 6. Because Martinez did not file a direct appeal, his conviction became

4

final for purposes of direct review on September 3, 1999. See 28 U.S.C. § 2244(d)(1)(A); see also Sanders, 247 F.3d at 142 (holding that where section 2255 petitioner pleaded guilty and did not appeal, his conviction became final for purposes of AEDPA one-year limitations period on date trial court entered judgment); Clark v Langley, No. 1:04-CV-1139, 2005 WL 2136924, at *2 (M.D.N.C. Aug. 2, 2005) (unpublished) (holding that where section 2254 petitioner did not file a direct appeal, his conviction became final on date trial court entered judgment), appeal dismissed, 173 Fed. Appx. 232 (4th Cir. 2006) (per curiam) (unpublished). Accordingly, the statute of limitations period for Martinez's section 2254 petition began to run on September 3, 1999, and expired one year later. Martinez, however, filed his section 2254 petition on January 16, 2009; therefore, the petition is time-barred.

In opposition to this conclusion, Martinez cites his effort to obtain post-conviction relief in the state court and argues that the one-year statute of limitation should be tolled. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, Martinez did not file a post-conviction motion in state court until July 27, 2001, more than ten months after the one-year limitations period expired. Thus, the state post-conviction proceedings do not toll the limitations period. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Alternatively, Martinez seeks equitable tolling. Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

5

filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Green, 515 F.3d at 304 (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Even if the court were to assume arguendo that Snipes misinformed Martinez in 1999 about an appeal, Martinez fails to demonstrate that he pursued his rights diligently and that extraordinary circumstances delayed his filing of his section 2254 petition for more than eight years. Specifically, even if the court assumed (without deciding) that equitable tolling applied initially, such tolling would have stopped once Martinez retained attorney James to pursue alternative post-conviction proceedings. See Pet. ¶ 16(e) (noting James was retained counsel). The record does not indicate the date that Martinez retained James; however, on July 27, 2001, James filed Martinez's first MAR asking the court to set aside petitioner's guilty plea and sentence. See Mem. Supp., Ex. 2. Certainly by that date, "the purported impediment that prevented [Martinez] from filing a habeas petition was removed." Green, 515 F.3d at 305. In sum, Martinez fails to show that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his federal petition until January 16, 2009. Therefore, Martinez's grounds for relief based on his underlying criminal proceeding and judgment are time-barred under 28 U.S.C. § 2244(d)(1)(A), and the court grants respondent's motion to dismiss claims one and two [D.E. 6].

6

Case 5:09-hc-02008-D   Document 9   Filed 08/04/10   Page 6 of 8

In his third claim, Martinez contends that the state court failed to mail a copy of its order dismissing Martinez's second MAR to his lawyer. See Pet. 9. Thus, Martinez lost his chance to appeal the denial to the North Carolina Court of Appeals. See id. Respondent acknowledges that Martinez timely filed this claim under 28 U.S.C. § 2244(d)(1)(D), but asserts that the claim is not cognizable. See Mem. Supp. 2–3, 9–11.

If Martinez is alleging a violation of state law, he cannot obtain federal habeas relief for such an alleged violation. See, e.g., Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008). If Martinez is alleging ineffective assistance of counsel in the second MAR proceeding, Martinez cannot obtain relief under 28 U.S.C. § 2254 for ineffective assistance of counsel in such a collateral post-conviction proceeding. See 28 U.S.C. § 2254(i); Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997). Thus, the court grants respondent's motion to dismiss the third claim.

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Having determined petitioner is not entitled to relief and respondent is entitled to dismissal, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has adjudicated and denied petitioner's constitutional claims on the merits, a petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

7

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability.

II.

As explained above, the court GRANTS respondent's motion to dismiss [D.E. 6] and DISMISSES Martinez's application for a writ of habeas corpus [D.E. 1]. The court also DENIES a certificate of appealability. The Clerk of Court is directed to close this case.

SO ORDERED. This **3** day of August 2010.

JAMES C. DEVER III
United States District Judge